Pfeifer, J.,
dissenting.
{¶ 23} I prefer to see the distinction between the saving clauses contained in R.C. 2125.04 and 2305.19(A) as the result of legislative inadvertence. The General Assembly fixed the “malpractice trap” associated with the saving statute in R.C. 2305.19, and given that R.C. 2305.19(A) applies “[i]n any action that is commenced or attempted to be commenced,” the General Assembly could have assumed that it would apply to wrongful-death actions. (Emphasis added.) Everyone makes mistakes, even the Ohio General Assembly.
{¶ 24} The amendment of R.C. 2305.19(A) was meant to fix inequitable treatment of certain plaintiffs: “The framers of the amendment expressed concern that the pre-amendment version treated arguably * * * similarly situated plaintiffs differently, by giving a plaintiff who exercises a Rule 41(A)(1) dismissal a full year to refile, while a plaintiff who dismisses before the statute [of limitations] runs possibly only one or two days to refile. The amendment permits plaintiffs one year to refile, or the time left (if any) on an unexpired statute of limitations, whichever is later.” (Footnote omitted.) 3 Anderson’s Ohio Civil Practice (2008) 148-40, Section 148.13.
{¶ 25} If the General Assembly’s inaction in failing to make the same change to R.C. 2125.04 was purposeful, that is more disturbing than a mistake. There is no rational basis to distinguish between wrongful-death plaintiffs and all other plaintiffs in fixing the malpractice trap. Is there a rational basis to fix a disparity that existed between plaintiffs that dismissed civil claims within a few days of each other but not to have that fix apply to wrongful-death plaintiffs? If the General Assembly’s aim is to speed along wrongful-death claims, as the majority posits, it has not adopted a rational method to achieve that end. Wrongful-death plaintiffs still have the ability to extend the lives of their claims, as long as they wait to dismiss their claims until the statute of limitations has passed. To encourage prompt dismissals and refilings, the General Assembly should have made the same amendment to R.C. 2125.04 as it made to R.C. 2305.19(A). If the General Assembly’s aim was to perpetuate a malpractice trap only for wrongful-death plaintiffs in order to limit overall damages awarded in wrongful-death cases, that would constitute an illegitimate attempt to limit the damages recoverable in wrongful-death claims and would violate Section 19a, Article I, of the Ohio Constitution.
*63 Elk & Elk Co., Ltd., Martin S. Delahunty, John W. Gold, and Peter D. Traska, for appellee.
Britton, Smith, Peters & Kalail Co., L.P.A., David Kane Smith, and Michael E. Stinn, for appellant.
{¶ 26} The majority has attempted to attribute rationality to the General Assembly’s unintentional act. The General Assembly thus emerges worse than if it had been merely mistaken.